Irving A. Green, J.
This appears to be an application of first impression in which the court is requested, pursuant to CPLR 4533-b and section 15-108 of the General Obligations Law, to apportion between codefendants in a personal injury and wrongful death action a lump-sum settlement made during trial involving some of the defendants with the trial, thereafter, continuing the verdict against the remaining defendants. The complaint in the action pleaded two causes, viz.: a cause for conscious pain and suffering and a separate cause for wrongful death. The moving defendant, the Cornwall Hospital, was one of the remaining defendants against whom a jury verdict was returned in favor of the plaintiff, in the sum of $30,000. The determinations of the jury were taken by special verdict from which it is ascertained that such verdict was solely upon the cause of action for conscious pain and suffering. The moving defendant was exonerated from culpa *404 bility to the plaintiff upon the cause of action for wrongful death.
The settlement effected during trial with a number of the codefendants was placed as a stipulation upon the record of the court. Its pertinent provisions read as follows: "It is hereby stipulated and agreed by and between the respective parties * * * that the case of Joan Hager, administratrix * * * as against (several co-defendants are here named) are hereby settled by a payment to thé plaintiff in the amount of $165,000”.
The record of the settlement stipulation further reflects that during the review of the settlement provisions with the plaintiff to assure her consent thereto, the following pertinent colloquy is recorded between plaintiff’s counsel and the plaintiff: "Mr. B. Sichol: * * * This morning we also discussed the fact that in consideration of the payment of $165,000 the case could be settled against these defendants, they could be released from any and all liability concerning your husband’s treatment and death and that we would carry out the lawsuit against the Cornwall Hospital, St. Luke’s Hospital, and the Cornwall Ambulance Corps, we discussed all of that, did we not? Mrs. Hager: Yes.”
Manifestly, no express apportionment of the settlement proceeds was made as to each of the separate causes for conscious pain and suffering and wrongful death although both causes were settled against the settlors by the payment of the agreed sum of $165,000.
The moving defendant, inter alia, contends that it is entitled to the benefit provided it by section 15-108 of the General Obligations Law, that is, to a reduction of the verdict returned against it by the jury in an amount equal to the portion of the settlement sum allocated to the cause for conscious pain and suffering.
The plaintiff contends, inter3alia, that the consideration for the settlement was paid entirely upon the cause for wrongful death; and that since the verdict against the moving defendant was returned solely upon the cause for conscious pain and suffering, such defendant is not entitled to the benefit of any reduction under the statute.
The settling defendants were exonerated by the special verdict of the jury from any liability to the plaintiff upon the cause for conscious pain and suffering. Consequently, the alternate formula in the statute for measuring the reduction *405 of the verdict, i.e., the amount of the released tort-feasor’s equitable share of the damages, is not applicable. See, also, Theobald v Angelos (44 NJ 228), for an interesting discussion of the comparable New Jersey Joint Tortfeasors Contribution Law holding that a settlement leads to a prorata reduction under the statute only if there is a settlement with one who is in fact a tort-feasor. If the settlement is made with one who, in fact, is not a joint tort-feasor, the court in the Theobald case held this special statute not to apply; and the court there applied a pro tanto reduction of the verdict against the remaining defendants and not a pro rata reduction. In this case, however, the jury by its special verdict eliminated any culpability for an equitable (pro rata) share of its verdict, upon the cause for conscious pain and suffering, on the part of the released defendants. (CPLR 1402.)
There is, therefore, before this court only the assessment of the portions, if any, of the settlement amount, as stipulated allocable to the cause for conscious pain and suffering; and upon such assessment being made, to reduce the claim of the plaintiff against the moving defendant in obedience to the mandate of the statute (General Obligations Law, § 15-108, subd [a]). The power and duty of this court to make such determination is clearly expressed in CPLR 4533-b.
In addition to the express language of the stipulation of settlement wherein is stated that the release of the settling defendants is to encompass "the case” of the plaintiff against such defendants (which, of course, necessarily included both causes of action), as well as the colloquy between plaintiff’s counsel and the plaintiff, in explanation of the settlement terms, i.e., that the settling defendants "would be released from any and all liability concerning your husband’s treatment and death” which, again, does not restrict but clearly embraces both causes of action against such defendants, this court has the benefit of having been the actual trial court in the trial of the action as well as in the settlement effected during the course thereof. From all of the foregoing, this court is completely satisfied that the settlement could not have resulted if only the cause of action for wrongful death were to be released for the consideration forming the settlement; and that the contemplation and intention of the parties to the settlement stipulation was to bring about thereby the release of the settling defendants from both causes of action then being prosecuted against them by the plaintiff.
*406 The plaintiff properly states that upon a prior application to this court, to which the moving defendant was not a party, this court, by order dated July 15, 1977, approved the compromise of the claims against the settling defendants by the plaintiff, as administratrix, and allocated, for purposes of distribution, the settlement proceeds entirely to the cause of action for wrongful death. Such allocation of the moneys by this court upon the separate and different application is in no way binding-upon the moving defendant who was not a party thereto; and is in no way binding upon this court upon the independent and different issues presented upon this application which does not pose any questions of the distribution of the settlement proceeds to the persons entitled thereto. Parenthetically, the court notes that it granted the allocation of the settlement proceeds for purposes of distribution entirely to the cause for wrongful death in consideration, inter alia, of the jury’s verdict which exculpated the settling defendants from culpability upon the cause for conscious pain and suffering. This finding, however, provides small comfort to the plaintiff upon this application since, at best, it eliminates only the reduction of the verdict against the moving defendant by the released defendants’ equitable share. It does not affect the reduction of the verdict by the alternate measuring formula in the statute, namely, the reduction of the claim of the releasor against the other tort-feasors to the extent of any amount stipulated by the release. The case was submitted to the jury, upon the primary verdict, solely as against the remaining defendants including the moving defendant. After the jury returned its verdict against it in the sum of $30,000, the jury was requested to make the Dole-Dow apportionment at which time it allocated its entire verdict of $30,000 to the culpability of the moving defendant and did not find the settling defendants responsible for any part of such verdict as it returned against the moving defendant. At no time was there submitted to the jury, by reason of the trial procedures followed in these Dole-Dow cases, the issue of the damages assessable against all of the defendants in the case upon the cause for conscious pain and suffering. Only after the jury returned its verdict against the remaining defendants, did it, for the first time, have submitted for decision an apportionment of its verdict against all the defendants. Its finding that the moving defendant solely was responsible for such verdict as it returned against it cannot, upon this application, be accepted as a conclusive jury determination of a total lack of culpability for *407 damages on the part of the settling defendants upon the cause for conscious pain and suffering beyond that assessed solely against the moving defendant. The jury did not have submitted to it for verdict that question under our trial procedures in these Dole-Dow apportionment cases.
Accordingly, it is the holding of this court that the moving defendant, the Cornwall Hospital, is entitled to the benefit of section 15-108 of the General Obligations Law.
In apportioning the settlement sum between the two causes of action, the assessment of damages by the jury upon such causes of action is entitled to the greatest weight since the amount of damages is a question of fact exclusively reserved to the jury. In this case, the jury returned a verdict upon the cause for conscious pain and suffering in the amount of $30,000; and upon the cause for wrongful death in the amount of $250,000, making in all a total verdict of $280,000. Thus, the jury has fixed 10.7% of the total recovery as the portion thereof allocable to the cause for conscious pain and suffering. The application of this finding by the jury impresses the court as the most reasonable formula to apply in apportioning the settlement sum which likewise represents the total recovery from the released defendants upon both causes of action; 10.7% of the settlement sum of $165,000 is $17,655. Such last amount shall be deducted from the verdict of the plaintiff against the moving defendant, the Cornwall Hospital, in accordance with section 15-108 of the General Obligations Law.